UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FELISHA MURFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-02193-RLY-KMB |
| | ) | |
| PAIGE BOVA KERVAN, | ) | |
| ALEX MURDOCK, | ) | |
| AMBER COLEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Presently pending before the Court is Plaintiff Felisha Murff's Motion to Stay Proceedings pending a ruling on the Defendants' Motion for Judgment on the Pleadings. [Dkt. 44.] The Defendants oppose this motion and ask that discovery proceed. [Dkt. 46.] For the reasons explained below, Ms. Murff's motion is **DENIED**.

### I. BACKGROUND

Ms. Murff previously worked at the Marion County Juvenile Detention Facility in Indianapolis, Indiana. [Dkt. 1 at ¶ 20.] She brings claims under 42 U.S.C. § 1983, alleging that she was terminated without notice and a hearing in violation of her right to due process, that she was terminated in retaliation for protected speech in violation of the First Amendment, and that she was fired on the basis of her sex in violation of the Fourteenth Amendment's Equal Protection Clause. [*Id.* at ¶¶ 63-76.] She also brings state law claims for defamation, invasion of privacy, tortious interference with a contract, and retaliation for filing a worker's compensation claim. [*Id.* at ¶¶ 77-123.]

On March 13, 2024, the Defendants filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). [Dkt. 28.] In that motion, the Defendants argue that they

are entitled to qualified immunity from Ms. Murff's federal claims and that they are entitled to Indiana Tort Claims Act immunity from her state tort claims. [Dkt. 29 at 4, 9.] The Motion for Judgment on the Pleadings is now fully briefed and remains pending with the Court. [Dkt. 38.]

On May 3, 2024, Ms. Murff filed a Motion to Stay Proceedings. [Dkt. 44.] In that motion, Ms. Murff asks "for a stay of proceedings until such time as the Court rules on Defendants' Rule 12(c) Motion for Judgment on the Pleadings." [*Id.* at ¶ 17.] The Defendants oppose this motion and ask that discovery proceed. [Dkt. 46.]

## II.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court may stay a matter through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c). *See*, *e.g.*, *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012). "[The court should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, 2015 WL 3961221 (S.D. Ind. June 30, 2015) (internal citation omitted).

"Courts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013)). District courts have "extremely broad discretion" in weighing these factors in deciding whether a stay should issue. *Robinson*, 2015 WL 3961221, at *1. "Filing a motion to dismiss does not automatically stay discovery," and as a general matter,

"a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Red Barn Motors*, 2016 WL 1731328, at *2-3. Although such stays are sometimes granted, *id.*, a party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

### III. DISCUSSION

In asking for a stay of proceedings, Ms. Murff argues that she "does not want to expend her very limited resources and valuable time in a potentially wasted effort if the Court ultimately grants Defendants' Motion for Judgment on the Pleadings." [Dkt. 44 at ¶ 18.] She also argues that the Defendants will not be prejudiced by a stay. [*Id.* at ¶ 20.]

The Defendants oppose a stay of proceedings, noting that Ms. Murff herself has repeatedly sought to avoid delays and expedite this litigation in filings prior to the Motion for Judgment on the Pleadings. [Dkt. 46 (citing dkt. 20 (motion to strike affirmative defenses); dkt. 24 (motion for unilateral protective order); dkt. 26 (response opposing Defendants' motion for extension of time)).]

In her reply, Ms. Murff argues that her previous requests to expedite these proceedings are "inapposite" because those filings were "superseded by Defendants' Motion for Judgment on the Pleadings." [Dkt. 47 at 2.] She also argues that her own litigation costs will likely be greater than the Defendants' costs because she will have to depose more witnesses and serve more requests for production, and that this imbalance supports a ruling in her favor. [*Id.* at 3.]

The Court notes the uncharacteristic positions the Parties have taken with respect to this motion. The doctrine of qualified immunity "has been fashioned by the courts at least in part to shield public officers from undue interference with their duties and from potentially disabling

3

threats of liability.  With this purpose in mind, the Supreme Court has instructed that trial courts not only may but should decide the legal issue of qualified immunity in § 1983 cases before allowing discovery." *Landstrom v. Illinois Dep't Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (cleaned up).  For this reason, it is often the defendants who wish to stay discovery pending the resolution of a qualified immunity defense on a motion to dismiss.  After all, one of the benefits of raising qualified immunity early in the litigation is that it reduces the litigation costs to public officials until that threshold issue is resolved, whereas plaintiffs often wish to keep the case moving forward to speed the way towards potential financial recovery.  Yet here, the Parties are in reverse positions—Ms. Murff wants to pause discovery and the pursuit of her claims, and the Defendants are eager to move forward with discovery on Ms. Murff's claims.

In any event, the Court is not persuaded that a stay of proceedings is warranted in this case.  As an initial matter, the Court is not convinced that Ms. Murff will have greater litigation costs than the Defendants.  While it is possible that Ms. Murff may ultimately depose more witnesses and serve more requests for production, the Defendants will also be busy defending those depositions and responding to her requests for production.  Further, Ms. Murff chose to bring this lawsuit, and she should not be surprised that litigation costs are a consequence of that decision.  Ms. Murff has not shown that the costs of litigation will be unusually burdensome.

In sum, stays of discovery are generally disfavored.  Although perhaps the Defendants could have sought to stay the proceedings pending a ruling on their threshold immunity defenses, they did not, and they outright oppose Ms. Murff's Motion to Stay. [Dkt. 46.] The Court concludes that Ms. Murff has not met her burden to show that she will be unduly prejudiced by continuing discovery pending a ruling on the Defendants' Motion for Judgment on the Pleadings or that she

will be uniquely prejudiced by litigation costs. For these reasons, Ms. Murff's Motion to Stay, [dkt. 44], is **DENIED**.

### IV. CONCLUSION

Ms. Murff's Motion to Stay Proceedings pending a ruling on the Defendants' Motion for Judgment on the Pleadings, [dkt. 44], is **DENIED**. Discovery and other litigation activities **SHALL PROCEED** in accordance with the deadlines set forth in the Case Management Plan and any subsequent orders.

**So ORDERED**.

Date: 5/24/2024

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email